UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUKHTIAR SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-00611-DAD-JDP

ORDER ADOPTING FINDINGS AND RECOMMENDATION AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 1, 9)

Petitioner Mukhtiar Singh is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 5, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted.  (Doc. No. 9.)  Specifically, the assigned magistrate judge found that petitioner was entitled to immediate release because petitioner's due process rights had been violated by his re-detention which was carried out without notice or a hearing.  (*Id.* at 1–2, 6.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.* at 7.)

/////

1

Respondents' objections comprise a single sentence stating that they object on the same basis as their initial response.  (Doc. Nos. 7, 10.)  These objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above.

1. The findings and recommendations filed on March 5, 2026 (Doc. No. 9) are ADOPTED IN FULL;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from their custody on the same conditions he was subject to prior to his June 24, 2025 re-detention;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, wherein respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner poses a flight risk or a danger to the community; and,

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **March 17, 2026**                          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2